You may be seated. Good morning everyone and welcome to the Ninth Circuit. We'll take the cases in the order on the day sheet. The first case which is submitted on the briefs is United States of America v. Brian Caputo. The first case for argument is Christopher Rogers v. Tammatha Soss. Counsel? Good morning, Your Honors. May it please the Court, I'm Krista Hart. I represent Christopher Rogers. And given that the government won't be here, the State's Attorney won't be here arguing, I'm going to basically submit on the brief. I do have a couple of comments I'd like to supplement what was argued in the brief. There are two issues within the brief that were raised. One was sufficiency of the evidence, whether the murder was premeditated and deliberate. The second being prosecutorial misconduct during final argument. First, as to the sufficiency of the evidence of premeditation or deliberation, People v. Anderson lays out three factors, three types of evidence for the Court to consider when analyzing whether there was sufficient evidence of premeditation and deliberation. We're under AEDPA review, right, for the sufficiency of the evidence? Yes. So we're actually looking to see whether the California Court of Appeal, which I believe was the last recent decision, made an unreasonable application of Jackson v. Virginia. So can you address that? Sure. So the State appellate court's decision acknowledged there was no motive, described factors that it thought supported planning, and I distinguished those in my brief. But finally, as to the manner of killing final type of evidence to consider, that's where I believe the Court made its most egregious error. It described on the last page of or in the last paragraph of its section, it's the Court says this means that at some point after having sex, defendant reached for his husband's head and pulled the trigger, that and described that as being sufficiently particular to support the premeditation and deliberation factor. And I would say that that essentially describes almost any homicide with a gun. I think your point is well taken. I'm only interrupting, forgive me, but because your time is ticking. Okay. I think your point on that is well taken. Jackson, of course, is an incredibly deferential standard. We've got AEDPA review. And the list of factors that you've identified, the three, is not exhaustive. Correct. So why isn't planning enough? Well, I've distinguished those within the brief. But planning, I would say, what is the evidence of planning? An individual engaged in an act of prostitution. That alone does not indicate any planning at all, unless there's some other factor. That's the wrong end of the and, again, I don't want to take up your time because I really hope we're going to talk about Darden error here today. Okay. But it strikes me as exceptionally thin. Maybe the best thing I could ask you is what do you think is the strongest argument, the strongest support, and why is it insufficient? Because I would say it's as to the third factor, the manner of killing. And when the Court says that it believes that the mere fact that the defendant held a gun, pointed it at the head of the other individual. Execution style. Right. Execution style, I would argue, is somewhat different. That's typically on the knees in the back of the head. Well, but we've got their finding of fact there. But, and I guess I would say that the California courts also hold that manner of killing alone is not enough. Can we talk about Darden error? Sure. So the prosecutorial misconduct during closing argument. In that instance, I would say that the prosecutor's argument that without 12 jurors reaching an agreement, a crime like this, a murder will go unpunished, is error which requires reversal. Even though there's no objection. Even though there's no objection. Because that so infected the trial with unfairness that it rendered the verdict a violation of due process. How many times did the prosecutor? I don't think so. Very often it's very hard to read the motives of an attorney representing a person who's accused of murder. Sometimes objection is the wrong thing to do because it just highlights it for the jury. Sometimes an objection will lead to other evidence. You're just making an assumption here. Why can't the State court make the opposite assumption? That there was a strategic decision for not objecting? Is that what you're saying? Could be. It could be as much as the assumption that you're – that you asked us to make that occurred. How do we really know what was in the person's mind? How do we really know? It makes it very difficult to show. It does, but irrespective of an objection, the prosecutor engaged in misconduct, which infected the trial. And – Well, if there's no objection, how do we know it infected the trial? If it infected the trial, you would assume there'd be an objection. Well, I guess you might not know that at the moment. And also, the case is very weak here, and there was a first trial. The first trial hung – ended up in a hung jury. It was a mistrial. That has nothing to do with this trial. Well, I don't know if it's – You say it's very weak. I don't know if it does or not, because the prosecutor in the first trial did not make this offending statement. They relied on something much less offensive. Unless there is a verdict, there is no resolution. Counsel, the prosecutor also flipped the burden of proof quite blatantly. He said, what did they prove? What did the defense prove in this case? Did you count how many times the prosecutor made that – statements like that in the closing? I did not, but I know that it was several. I recounted a number of them in my brief, but I didn't count them. I think I counted 16. Okay. That – and when we talk about Darden error, of course, it's really hard to show Darden error. Sure. And we've got double Strickland deference here, right, because this is an AEDPA case. Sure. So what case law is there that talks about just how much weight? We assume, of course, that jurors will follow the directions given by the trial court. That's a presumption. How much weight does it bear? Do you have case law that really defines that? I did not find any case law that – there's not a lot of case law on this issue, unfortunately. Is it – what's – I guess that's really my question. When we see these kinds of – I'm going to – this is my word. My characterization is that these are really blatant misstatements of the burden of proof. Yes. And I think to Judge Wallace's point, there weren't objections to these either. Correct. At least I couldn't find any in the record, but I think I counted 16 of them. So I'm trying to figure out what case law we have that talks about this type of error and at what point we decide that it's – that it's just too much. I don't think that there is a quantitative assessment. I mean, flipping the burden is flipping the burden. And if it happens once or it happens 16 times, it's still offensive. It still flips the burden. It's still a violation of the Constitution. It still waters down the government's burden of proof in a criminal trial. One other angle. The California court of appeal stated that this claim of prosecutorial misconduct was procedurally barred and not excused because there was no ineffective assistance of trial counsel claim. So are we bound by that? Why isn't this procedurally barred? Is that an independent and adequate State ground?  This would excuse that. And if there was ineffective assistance of trial counsel, but the California court of appeal said there was not. Well, I understand that's what the State court found. Right. Is there a reason that we should disagree with that? In other words, it said it would not have been prejudicial because there was not a reason that there would have been a – it was reasonably probable that there would have been a different outcome. Well, it's a bit of a chicken and egg argument because if it's prejudicial and if the prosecutorial misconduct affected the – infected the trial so much that it denied the defendant due process, then that is prejudicial. And the failure to object is ineffective assistance of counsel because it denied the defendant an advocate objecting on his behalf. You make an assumption that he should have objected. Has there ever been a hearing made in which the lawyer indicated why he made failure to object? No. The appellate counsel in – So in that case, then, how do you distinguish Palino v. Castro? Which case is that? Palino v. Castro, where we held that California's contemporary and its objection rule is an adequate and independent State ground that precludes Federal habeas review? Well, again, the cause and prejudice analysis would overcome a procedural bar, and if the misconduct by the prosecutor is serious enough that it infected the trial, then he's – the defendant's been denied constitutional right to due process. And that ex— Sure. If that happened, we've had no hearing on that. Correct. I understand that. And the State appellate court or the State appellate attorney could have applied for additional – to expand the scope, so to speak, and file a habeas petition. They did not do that. So— Or did – or did you? I was appointed after the certificate of appealability was issued in this Court. Mr. Rogers was pro se in district court, and he, as an incarcerated inmate, was not able to get the district court to conduct an evidentiary hearing to suss out this information for the record. And I guess, then, that's what this Court should do, if that's your concern, is remand it to district court to have a hearing. Thank you. Okay. Thank you. Your time has expired. We appreciate the argument. The case of Christopher Rogers v. Tamatha Soss is submitted.
judges: Wallace, Ikuta, Christen